UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

ROBERT LEE HARRIS, JR.,
    Petitioner,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
    Respondent.

Case No. 1:12-cv-261

Spiegel, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

Petitioner, an inmate in state custody at the Southern Ohio Correctional Facility, has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. (Doc. 1). This matter is before the Court on the petition, respondent's motion to dismiss, petitioner's response in opposition and respondent's reply. (Docs. 1, 11, 12, 13).

**I. FACTUAL BACKGROUND**

At the conclusion of petitioner's trial, the Hamilton County, Ohio Court of Common Pleas provided the following facts that led to petitioner's conviction and sentence:

> [T]he defendant engaged the victim in idle conversation for a period of time, completed an employment application, locked the front door of the office, used the restroom facilities, then grabbed and violated the victim. . . . [T]he defendant grabbed the deceased by the throat, forced her into an adjoining room, told her to remove her clothes, and violated her . . . . The defendant's conduct . . . culminated in the act of forcible intercourse. . . . snapping the victim's head violently, causing blood to run from her mouth and ear. . .
>
> [T]hinking the victim was dead, and rather than leaving the office, the defendant threw papers on the victim, lighting them, because he could not stand seeing the victim lie there with no clothes on, then going to an adjoining office and for several hours remaining there calmly discussing the fire and the girl in the office with other persons, [a]nd finally, leaving the scene only to return the very next day.

(Doc. 11, Ex. 1, pp. 6-7).

## II. PROCEDURAL HISTORY

### Ohio Trial and Appellate Proceedings

Based on the above facts, petitioner was charged with one count each of rape, arson and murder, to which petitioner pled not guilty by reason of insanity. On October 7, 1974, petitioner was found guilty of one count of rape, in violation of Ohio Rev. Code § 2905.01. (Doc. 11, Ex. 1). He was found not guilty by reason of insanity of murder and arson. *Id.*. On March 11, 1975, petitioner was sentenced to an indefinite term of imprisonment of three to twenty years. (Doc. 11, Ex. 3).

Petitioner states that he did not appeal his conviction in his petition. (Doc. 1, p. 6). The Hamilton County Common Pleas Court docket sheet indicates that petitioner filed a motion for leave to file a delayed appeal on September 13, 1976 and an untimely notice of appeal on September 15, 1976. (Doc. 11, Ex. 4, p. 2). On February 10, 1977, petitioner filed a motion to withdraw his motion for leave to file a delayed appeal. *Id.* It also appears that petitioner filed a motion for leave to file a delayed appeal and untimely notice of appeal on July 28, 1980.[1] *Id.*

### Parole Hearings

On or about September 21, 1977, following an administrative hearing before the Ohio Adult Parole Board, petitioner was released from prison under parole supervision. (Doc. 11, Ex. 5). However, on February 15, 1978, the Ohio Supreme Court issued a writ of mandamus directing the Ohio Adult Parole Authority and Board to set aside petitioner's parole. The Ohio Supreme Court found that petitioner never achieved a valid parole because, under Ohio Rev. Code § 2967.12, the parole board was required to provide the prosecuting attorney and trial

---

[1] Respondent notes that the 1980 appeal appears to have been abandoned after petitioner's subsequent escape from prison. (Doc. 11, p. 3-4).

2

judge with notice prior to granting parole. On February 16, 1978, the parole board rescinded petitioner's parole pursuant to the writ of mandamus. (Doc. 11, Ex. 5, p. 3). Petitioner was arrested and taken back into custody. (Doc. 11, Ex. 7). On March 30, 1978, the parole board denied petitioner parole after conducting a second hearing. (Doc. 11, Ex. 9).

It does not appear that petitioner challenged the parole board's April 7, 1978 decision in the state courts.[2] Instead, petitioner filed a federal habeas corpus action under Case No. C-1-78-692. As attachments to the motion to dismiss, respondent has included a November 3, 1978 show cause order issued in the habeas corpus action as well as a Sixth Circuit opinion affirming the district court's judgment denying petitioner habeas relief. (Doc. 11, Ex. 10 & 11). As discussed below, the Sixth Circuit opinion suggests that petitioner claimed he was entitled to habeas relief based on his not being present at the mandamus proceedings.

### Escape and Subsequent Convictions

On December 4, 1980, after being transferred to the Chillicothe Correctional Institution, petitioner escaped from prison. (Doc. 11, Ex. 12). A fugitive warrant was issued for petitioner's arrest and a law enforcement detainer was lodged against him. *Id.* While an Ohio fugitive, petitioner was charged with committing two rape offenses in Maine. (*See* Doc. 11, Ex. 14). Apparently while out on bond on the Maine cases petitioner fled to Canada, where he was charged and convicted of choking during the commission of an indictable offense, sexual assault, and escape in the Supreme Court of Ontario. (Doc. 11, Ex. 13). On April 3, 1985, petitioner was sentenced to a term of imprisonment of twelve years for the choking conviction; eight years of imprisonment for the sexual assault conviction, which was to be served concurrently with the

---

[2] Respondent was unable to locate any record indicating petitioner challenged the April 1978 parole decision in a subsequent state court proceeding. Respondent notes that this is consistent with petitioner's petition, which does not indicate that petitioner challenged the decision in the state courts. (Doc. 11, p. 5).

3

twelve year choking conviction; and six months of imprisonment for the escape conviction. *Id.* at 9-11.

On July 19, 1991, after having served his Canadian sentence, petitioner was found guilty of two counts of rape in the State of Maine Superior Court. (Doc. 11, Ex. 14 & 15). Petitioner was sentenced to consecutive prison terms of ten and twenty years for the two convictions. *Id.* Petitioner served his Maine sentence in the U.S. Federal Bureau of Prisons, where he remained incarcerated from July 19, 1991 until April 7, 2011. (*See* Doc. 11, Ex. 16).

On February 16, 2010, while serving his Maine sentence, petitioner filed a petition for a writ of habeas corpus in the United States District Court for the Middle District of Pennsylvania. Therein, petitioner challenged his sentence calculation on his Maine sentences and the Ohio detainer lodged against him. (Doc. 11, Ex. 17). The court dismissed petitioner's claims pertaining to Ohio on February 11, 2011. (Doc. 11, Ex. 18). Specifically, the court found that petitioner could not pursue his challenge to the Ohio detainer under the Privacy Act in a habeas petition; that petitioner provided no valid reason for striking the detainer; and that "[a]ny challenge to Ohio parole procedures can await his return to Ohio and commencement of any such proceedings." *Id.* at 1-2.

On April 6, 2011, it was determined that petitioner's Maine sentence had expired on September 20, 2009. (Doc. 11, Ex. 16). On April 7, 2011, petitioner was returned to Ohio on the fugitive warrant. Accounting for the Maine sentence miscalculation, petitioner's maximum sentence expiration date is September 27, 2022. (Doc. 11, Ex. 19).

## Federal Habeas Corpus

Petitioner commenced the instant habeas corpus action on April 2, 2012. (Doc. 1).

Petitioner claims he was denied his constitutional rights to due process and equal protection when he was not provided with a revocation hearing or otherwise afforded the ability to challenge the Ohio parole board's February 16, 1978 decision rescinding his parole.  (Doc. 1, p. 14).   Petitioner claims that once he was released from custody he had a protected liberty interest and a right to a hearing.  *Id.* at 11.  On this basis he claims that the Ohio Supreme Court misapplied *Morrissey v. Brewer*, 408 U.S. 471 (1972), in the mandamus proceeding.  *Id.* at 12; *see also* Doc. 12, p. 13).

In opposition to the petition, respondent has filed a motion to dismiss.  (Doc. 11). Therein, respondent first contends that the petition should be dismissed because it is a successive petition.  Respondent also claims dismissal is warranted because the petition is time-barred, the federal claims were not properly exhausted in state court and petitioner's claims lack merit.  *Id.*

    **III.**    **PETITIONER'S HABEAS PETITION SHOULD BE TRANSFERRED TO THE SIXTH CIRCUIT BECAUSE IT IS A SUCCESSIVE PETITION.  IN THE ALTERNATIVE, THE PETITION SHOULD BE DISMISSED AS TIME-BARRED.**

    **A.  The petition is successive under 28 U.S.C. § 2244(b).**

The Court must first determine whether it has jurisdiction to consider the petition in light of petitioner's prior habeas petitions.  28 U.S.C. § 2244(b)(1) provides that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  In addition, § 2244(b)(2) provides that a claim presented in a second or successive petition, which the petitioner did not include in the prior federal habeas application, must be dismissed unless: (1)(a) the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable;" or (b) the "factual predicate for the claim could not have been

5

discovered previously through the exercise of due diligence;" and (2) the "facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found [him] guilty of the underlying offense." *See* 28 U.S.C. § 2244(b)(2).

Before a successive petition within the meaning of 28 U.S.C. § 2244(b)(1)-(2) may be filed in the district court, the petitioner must first request and obtain authorization from the appropriate court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A); *see also Magwood v. Patterson,* __ U.S. __, 130 S.Ct. 2788, 2796 (2010). The court of appeals may authorize the district court to consider a successive petition only if petitioner makes the *prima facie* showing described above. *See* 28 U.S.C. § 2244(b)(3)(C). Absent authorization by the court of appeals, a federal district court lacks jurisdiction to consider a successive petition. In the Sixth Circuit, when a prisoner has filed a successive habeas petition in the district court without first obtaining authorization from the court of appeals, the district court must, in the interest of justice pursuant to 28 U.S.C. § 1631, transfer the case to the Sixth Circuit for consideration in accordance with standards set forth in § 2244(b)(3). *See In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997) (citing *Liriano v. United States,* 95 F.3d 119, 122 (2nd Cir. 1996)). However, before transferring the petition, the district court must determine "in the first instance [that the petitioner's] claims are successive within the meaning of 28 U.S.C. § 2244(b)." *See In re Smith*, 690 F.3d 809 (6th Cir. 2012) (holding that before a second or successive petition may be transferred to the circuit court, the district court must first determine that the appellate court's authorization is required by ruling that the petition is successive within the meaning of 28 U.S.C. § 2244(b) and that, therefore, the district court lacks jurisdiction to consider it).

The subsequent petition must relate to the same conviction or sentence under attack in the prior petition to be "successive" within the meaning of the statute. *See In re Page,* 179 F.3d 1024, 1025 (7th Cir. 1999) (and cases cited therein). However, not all subsequent petitions relating to the same conviction or sentence are considered successive. *See Stewart v. Martinez-Villareal,* 523 U.S. 637 (1998). Otherwise, "a dismissal of a first habeas petition for technical procedural reasons would bar the prisoner from ever obtaining federal habeas review." *Id.* at 645.

The Supreme Court has held that a habeas corpus petition is not successive and, therefore, § 2244(b) does not apply when it is the first application challenging a new judgment, such as a new sentence imposed on resentencing, that occurs between habeas proceedings. *Magwood*, 130 S.Ct. at 2796. In addition, a later petition does not constitute a successive petition within the meaning of the statute where the claim was raised in the first petition but was dismissed as premature, *see Stewart,* 523 U.S. at 644-45; the first petition was dismissed without prejudice for failure to exhaust state court remedies, *see Slack v. McDaniel,* 529 U.S. 473, 485-86 (2000); *Carlson v. Pitcher,* 137 F.3d 416 (6th Cir. 1998); or the first petition was dismissed because petitioner failed to either pay the filing fee or provide proper support for his application for pauper status, *see Stewart,* 523 U.S. at 645 (and cases cited therein). In all of those contexts, the district court had jurisdiction to consider the subsequent petitions without first obtaining authorization from the court of appeals, because the prior dispositions were not "on the merits." *See Slack,* 529 U.S. at 485-86; *Carlson,* 137 F.3d at 419; *Camarano v. Irvin,* 98 F.3d 44, 46-47 (2nd Cir. 1996).

In this case, as respondent has argued in the motion to dismiss, plaintiff's petition is successive under § 2244(b). Petitioner filed a prior habeas petition in this court in 1978 challenging the recission of his parole without a hearing. As noted above, the record in this case does not include petitioner's 1978 habeas petition. However, it appears that petitioner argued, as he does in the instant petition, that he was impermissibly denied the ability to be present at the mandamus proceeding in violation of his due process rights. In denying petitioner's appeal, the Sixth Circuit reached the merits of petitioner's claims, finding that petitioner was not entitled to habeas corpus relief based on being excluded from the mandamus proceedings and that he was not denied due process in the subsequent parole hearing:

> The petitioner Harris appeals from judgment of the district court denying his application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner was released on parole in proceedings which were subsequently held to be void by the Supreme Court of Ohio. The ruling of the Supreme Court of Ohio was made in an original action in mandamus against the Ohio Parole Board and others and was based on a finding that the Parole Board had failed to follow mandatory provisions of an Ohio statute in granting petitioner's parole. Following the action in the Ohio Supreme Court the petitioner was returned to prison. Petitioner was then given a second parole hearing at which all due process rights were accorded him. He was denied parole following the second hearing.
>
> Upon consideration of the briefs and oral arguments of counsel together with the record on appeal, the court concludes that the petitioner was not entitled to habeas corpus relief. We do not believe that petitioner was entitled to be made a party or to be present in the mandamus proceedings in the Supreme Court of Ohio. However, if there were a[n]y deficiencies in the mandamus proceedings they were cured by the subsequent parole hearing at which due process standards were observed.

(Doc. 11, Ex. 11). Because it appears petitioner has already raised the claims presented here in a prior petition which was denied on the merits, his petition is successive under § 2244(b).

Even if petitioner did not previously raise the instant constitutional claims in his prior petitions, the petition is still successive under § 2244(b)(2). First, petitioner has not

8

demonstrated that his claims rely on a new, but previously unavailable, rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Petitioner argues that it was not until he discovered *Jago v. Van Curen*, 454 U.S. 14 (1981) upon his return to Ohio, that he could bring his claims. According to petitioner, in *Jago* "the court . . . fashioned a constitutional distinction between the decision to revoke parole and the decision to grant or deny parole. Arbitrary revocation is prohibited by Morrissey v. Brewer, whereas arbitrary denial is permitted by Greenholz v. Nebraska." (Doc. 1, p. 11) (internal citations omitted). However, *Jago* did not announce a new rule of constitutional law made retroactive to cases on collateral review.[3] Furthermore, *Jago*, *Greenholz v. Nebraska*, 442 U.S. 1 (1979), and *Morrissey v. Brewer*, 408 U.S. 471 (1972), were all decided long before petitioner filed his second habeas petition in the Middle District of Pennsylvania in 2010 and petitioner cited to both *Greenholz* and *Morrissey* in that petition. (*See* Doc. 11, Ex. 17, p. 4). The Court therefore is unable to conclude that petitioner's claims rely on a new rule of constitutional law made retroactive by the Supreme Court or that the case law he relies on was unavailable to him prior to filing his prior petition.

Second, petitioner has not made any allegation even remotely suggesting that the factual predicate of his claims were not previously discoverable through the exercise of due diligence or that the "facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional

---

[3] In *Jago*, the Supreme Court considered whether a prisoner who had been granted an early parole date had a liberty interest deserving of due process protections. The prisoner in that case was initially notified that he had been approved to be released on parole, before the parole board learned that he was not honest during his parole evaluation and rescinded his parole. The prisoner was not granted a hearing to explain the false statements made during his evaluation. The Supreme Court held that the prisoner had no protected liberty interest in the parole date and, therefore, no due process protections were required prior to the recission.

error, no reasonable factfinder would have found [him] guilty of the underlying offense." *See* 28 U.S.C. § 2244(b)(2). Petitioner's claims are all based on the parole board's February 16, 1978 parole decision. As respondent has argued, the factual predicate of petitioner's claims were immediately discoverable and presumably known to petitioner by the conclusion of his parole proceedings.

Accordingly, the undersigned finds that petitioner's habeas petition is successive under § 28 U.S.C. § 2244(b). Petitioner has filed two prior habeas petitions including claims relating to the recission of his parole. Even if petitioner failed to raise the precise constitutional claims in those petitions, the instant petition is successive because petitioner has failed to show that his petition relies on a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court or that the factual predicate of his claims were not previously discoverable through the exercise of due diligence. Therefore, the instant petition is a second or successive petition within the meaning of 28 U.S.C. § 2244(b), and this Court lacks jurisdiction to consider it without petitioner's first obtaining authorization from the Sixth Circuit.

Accordingly, the undersigned recommends that respondent's motion to dismiss the petition (Doc. 11) be **DENIED** to the extent respondent requests that the petition be dismissed, but **GRANTED** to the extent respondent contends the petition is successive. The petition should be transferred to the Sixth Circuit for review and determination as to whether the district court should be granted authorization to entertain the successive petition.

### B. In the alternative, the petition should be dismissed because it is time-barred.

Should the Court conclude that petitioner's habeas petition is not successive, the petition should be dismissed as untimely. Under 28 U.S.C. § 2244(d)(1), as amended by § 101 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. No. 104-132, 110 Stat.

1214, a person in custody pursuant to the judgment of a state court must file an application for a writ of habeas corpus within one year from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(2), the limitations period is tolled during the pendency of a properly filed application for state post-conviction relief or other collateral review.

Under § 2244(d)(1)(A), the statute of limitations begins to run when the challenged judgment of conviction and sentence is rendered "final" by the conclusion of direct review or the expiration of time for seeking such review. Here, petitioner's conviction became final on April 7, 1978, upon the conclusion of his parole proceedings. The Sixth Circuit has held that prisoners like petitioner, whose convictions were finalized prior to the AEDPA's enactment on April 24, 1996, are entitled to a one-year grace period, from April 24, 1996 to April 24, 1997, in which to file a timely federal habeas petition. *See, e.g., Cook v. Stegall,* 295 F.3d 517, 519 (6th Cir.2002); *McSwain v. Davis,* 287 F. App'x 450, 452 (6th Cir.2008).

In explaining his delay in filing the instant petition, petitioner has argued that it was not until he was returned to Ohio in November of 2011 and able to conduct legal research at the Lebanon Correctional Institution law library that he was able to discover the factual predicate of his claim. (Doc. 1, p. 6). To the extent that petitioner contends that § 2244(d)(1)(D) sets the

forth the applicable limitations period in this case, his contention is unavailing. § 2244(d)(1)(D) is triggered by the inability to discover the *factual predicate* of a claim, rather than the inability to understand the *legal issues* that may be raised based on known facts. *Cf. Tatum v. Warden, Allen Corr. Inst.,* No. 1:07-cv-355, 2008 WL 1766790, at *1, *7 n. 5 (S.D. Ohio Apr.11, 2008) (Beckwith, J.; Black, M.J.) (and cases cited therein) (the § 2244(d)(1)(D) "inquiry turns on the discovery of the facts giving rise to the petitioner's claim, not the discovery of the legal basis or all evidence supporting the claim") (internal citation and quotation omitted); *see also Dixon v. Jeffreys,* No. 2:11-cv-86, 2011 WL 6009695, at *3 (S.D. Ohio Oct.5, 2011) (Deavers, M.J.) (Report & Recommendation) (quoting *Reese v. Timmerman–Cooper,* No. 3:10-cv-218, 2010 WL 2998880, at *1 (S.D. Ohio June 28, 2010) (Merz, M.J.) (Report & Recommendation) ("Nothing in § 2244 suggests that the statute begins to run when a petitioner finally understands the legal significance of facts relevant to his claim.")), *adopted,* No. 2:11-cv-86, 2011 WL 6019102 (S.D. Ohio Dec.1, 2011) (Graham, J.). Because petitioner has likewise failed to demonstrate that § 2244(B) or (C) apply to his case, the undersigned concludes that the statute of limitations began to run in this case on April 24, 1996, and expired one year later on April 24, 1997, absent application of statutory or equitable tolling principles.

No statutory tolling applies under Section 2244(d)(2) to extend the limitations period in this case. During the one-year limitations period, petitioner was entitled to statutory tolling under § 2244(d)(2) based on any pending "properly filed" applications for state post-conviction relief or other collateral review. *See* 28 U.S.C. § 2244(d)(2). *See also Holland v. Florida,* — U.S. —, 130 S.Ct. 2549, 2554 (2010); *Allen v. Siebert,* 552 U.S. 3, 4 (2007) (*per curiam*); *Vroman v. Brigano,* 346 F.3d 598, 602 (6th Cir. 2003). In this case, it does not appear that

petitioner filed any post-conviction petition during the limitations period. Accordingly, petitioner is not entitled to statutory tolling.

The AEDPA's statute of limitations is subject to equitable tolling, *see Holland*, 130 S.Ct. at 2560, "when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the litigant's control." *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 749 (6th Cir. 2011) (quoting *Robertson v. Simpson*, 624 F.3d 781, 783 (6th Cir. 2010)), *petition for cert. filed,* Nos. 11-10643, 11A869 (U.S. Apr. 25, 2012). Equitable tolling is granted "sparingly." *Id.* (quoting *Robertson*, 624 F.3d at 784). A habeas petitioner is entitled to equitable tolling only if he establishes that (1) "he has been pursuing his rights diligently;" and (2) "some extraordinary circumstance stood in his way and prevented timely filing." *Id.* (quoting *Holland*, 130 S.Ct. at 2562 (internal quotations omitted)); *see also Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005). Although the Sixth Circuit previously utilized a five-factor approach in determining whether a habeas petitioner is entitled to equitable tolling, *Holland*'s two-part test has replaced the five-factor inquiry as the "governing framework" to apply. *Hall*, 662 F.3d at 750 (citing *Robinson v. Easterling,* 424 F. App'x 439, 442 n.1 (6th Cir. 2011)). "With *Holland* now on the books, the 'extraordinary circumstances' test, which requires both reasonable diligence and an extraordinary circumstance, has become the law of this circuit." *Id.*; *see also Patterson v. Lafler,* 455 F. App'x 606, 609 n.1 (6th Cir. 2012).

Petitioner contends that he is entitled to equitable tolling because "it was outside of petitioner's control to get to Ohio," arguing that he has been back in the United States since December 8, 1989 and has adamantly tried to get back to Ohio during this time. (Doc. 12, pp. 11-12). Petitioner claims that he was denied access to Ohio law in order to do research while in federal custody. *Id.* at 14.

Petitioner has not demonstrated that he is entitled to equitable tolling in this case. As an initial matter, the Court agrees with respondent that petitioner cannot be entitled to equitable tolling when his escape and subsequent convictions created the alleged impediment to filing. (*See* Doc. 11, p. 11). Second, the record in this case belies petitioner's claim that he was unable to conduct legal research or file a habeas petition during his incarceration. In fact, petitioner filed two habeas petitions during this time. His 2010 petition filed in the Middle District of Pennsylvania amply demonstrates that petitioner had access to legal research materials and Ohio case law. (*See* Doc. 11, Ex. 17). In any event, petitioner's claims regarding inadequate library access are insufficient to warrant equitable tolling in this case. *See Keeling v. Warden, Lebanon Corr. Inst.,* 673 F.3d 452, 2012 WL 447492, at *10 (6th Cir.2012) (noting that a petitioner's pro se status and lack of knowledge of the law are not sufficient to constitute an extraordinary circumstance and excuse a late filing); *Hall v. Warden, Lebanon Corr. Inst.,* 662 F.3d 745, 751 (6th Cir.2011) (noting the petitioner's pro se status and limited law library access do not affect the equitable tolling analysis); *United States v. Stone,* 68 F. App'x 563, 565–66 (6th Cir.2003) ("allegations regarding insufficient library access, standing alone, do not warrant equitable tolling") (citing *Miller v. Marr,* 141 F.3d 976, 978 (10th Cir.1998). Finally, petitioner's thirty-four year delay in filing the instant petition challenging his 1978 parole recission demonstrates that petitioner has not been diligent in pursuing his rights.

Accordingly, the instant petition is time-barred. Therefore, if the Court determines that petitioner's habeas petition is not successive under 28 § 2244(b), respondent's motion to dismiss should be **GRANTED** (Doc. 11), and the instant habeas corpus petition (Doc. 1), filed long after the statute of limitations had run its course, should be **DISMISSED** with prejudice.

## IT IS THEREFORE RECOMMENDED THAT:

1. Respondent's motion to dismiss the petition (Doc. 11) be **GRANTED** to the extent respondent requests that the petition be transferred to the Sixth Circuit for review and determination whether the district court should be granted authorization to entertain the successive petition.

2. The petition for a writ of habeas corpus (Doc. 1) be **TRANSFERRED** pursuant to 28 U.S.C. § 1631 to the United States Court of Appeals for the Sixth Circuit for consideration whether the district court may review the petition in accordance with 28 U.S.C. § 2244(b).

3. If the Court determines petitioner's habeas petition is not successive under § 2244(b), respondent's motion to dismiss be granted and the petition be dismissed with prejudice on the ground that it is time-barred under 28 U.S.C. § 2244(d).

 /s Stephanie K. Bowman          .
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

ROBERT LEE HARRIS, JR.,
    Petitioner,

vs.

WARDEN, SOUTHERN OHIO
CORRECTIONAL FACILITY,
    Respondent.

Case No. 1:12-cv-261

Spiegel, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.  This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).